## J. G. McGiffin, Jr. v. United States

**No. 7353.**—Invoice dated Merida, Yuc., Mexico, June 13, 1942.
Certified June 13, 1942.
Entered at Jacksonville, Fla., July 2, 1942.
Entry No. J–1.

(Decided July 25, 1947)

*Wallace & Schwartz* (*Joseph Schwartz* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Richard H. Welsh, Dorothy C. Bennett,* and *Samuel D. Spector,* special attorneys), for the defendant.

Kincheloe, Judge: The question involved in this appeal for reappraisement is the dutiable value of 100 bales 30/10 sisal twine 1/300, unoiled and unclipped, exported from Mexico under a consular invoice certified on June 13, 1942. Entry was made at Jacksonville, Fla., in the name of plaintiff, J. G. McGiffin, Jr., a customhouse broker, for the account of Atlas Cordage Inc., Chicago, Ill. The merchandise was entered at 11 cents per pound in United States currency, c. i. f. New Orleans, less nondutiable charges. It was appraised at 11¾ cents per pound in United States currency, less the same nondutiable charges, apparently on the basis of export value (R. 5).

At the trial counsel for the plaintiff offered and there was received in evidence as exhibit 1, an affidavit of one Alonso Gonzales Gutierrez, wherein, among other things, affiant states that "the price at which my firm sold sisal twine such as or similar to the sisal twine" covered by this appeal "was the equivalent of 11¢ per pound, United States currency, c. i. f. New Orleans." Affiant also states that such or similar merchandise was not sold in the home market, which latter statement finds no contradiction in this record. The question of a foreign value is therefore eliminated from further consideration.

Taken alone, the plaintiff's evidence is not sufficient to overcome the presumption of correctness attending the value found by the appraiser, and when the plaintiff's evidence is considered in connection with that offered by defendant in the form of a special agent's report, the plaintiff has completely failed to make a *prima facie* case. I therefore find and hold the proper dutiable export value of the instant merchandise to be the value found by the appraiser. Judgment will be rendered accordingly.