PENSON & CO. v. UNITED STATES

**No. 8019.**—Entered at New York, N. Y.
Entry No. 717100.

(Decided June 18, 1951)

*Barnes, Richardson & Colburn* (*Eugene F. Blauvelt* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Chauncey E. Wilowski,* special attorney) for the defendant.

RAO, Judge: The instant appeal for reappraisement involves the question of the proper value of an importation of certain merchandise, invoiced as "M. F. Sulphate Wrapping Paper," but, for the purposes of this case, conceded to be test or container board. The merchandise was entered at the invoice price of $95 per short ton, less the items of consular fee; forwarding and lading charges; inland freight; insurance, marine, and war risks; and ocean freight; and less estimated duty of $3,247.36, which is the claimed export value. Appraisement was made on the basis of foreign value at 13.10 Finnish markkaa per kilo, less 1 per centum, plus 11.1 per centum, packed.

By an order dated March 13, 1951, *Penson & Co. v. United States,* 26 Cust. Ct. 571, Reap. Dec. 7970, I held that the evidence before me established that there was neither a foreign value nor an export value for the merchandise at bar, and accordingly directed that the within appeal be restored to the docket for the purpose of affording the plaintiff an opportunity to prove United States value or cost of production of said merchandise, as the case may be.

At a hearing held in pursuance of said direction, there were offered in evidence on behalf of the plaintiff, as exhibits 5 and 6, respectively, the affidavits of Murray Boro and Louis H. Schroeder. The former, who had previously testified in this case, is a partner in the firm of Ideal Container Co., the ultimate consignee of the instant merchandise. The latter is connected with the Corrugated Container

(381)

Corp., which was also an importer of such merchandise. Each affiant asserted that none of the test or container board imported by or for the account of his company from Finland during the years 1945, 1946, and 1947, was sold or offered for sale in the United States; that all of such board was consumed by his company in the manufacture of containers; and that, to the best of his knowledge and belief, no test or container board of Finnish origin was offered for sale or sold in the United States during the years 1945, 1946, and 1947.

Upon the bases of these exhibits, the parties stipulated that neither such nor similar merchandise as that here involved was sold or offered for sale in the United States, during the years 1945, 1946, and 1947. Upon the foregoing stipulation, I hold that there is no United States value, as that value is defined in section 402 (e) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, for the instant merchandise.

With respect to cost of production, counsel for the parties herein entered into the following stipulation:

It is hereby stipulated and agreed between counsel for plaintiff and counsel for the United States that 12.969 Finnish marks is equal to the cost, per kilo, of materials of and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar test or container board at a time preceding the date of exportation of the involved merchandise under consideration which would ordinarily permit the manufacture or production thereof in the usual course of business, plus the usual general expenses (not less than 10 per centum of such cost), in the case of such or similar merchandise, plus the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition packed ready for shipment to the United States, and plus an addition for profit (not less than 8 per centum of the costs of materials of and of fabrication or manipulation and general expenses) equal to the profit which ordinarily is added in the case of merchandise of the same general character as the particular merchandise under consideration by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

In view of the order of March 13, 1951, *supra*, and the facts as stipulated by counsel, I find:

1. That the involved merchandise consists of test or container board exported from Finland on August 10, 1946.

2. That neither such nor similar merchandise, during the period in question, was freely offered for sale to all purchasers in the principal markets of the country of exportation, in the usual wholesale quantities, and in the ordinary course of trade, for home consumption or for export to the United States, and that neither such nor similar imported merchandise was, at the aforesaid time and under the aforesaid conditions, freely offered for sale in the United States for domestic consumption therein.

3. That the cost, per kilo, of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar test or container board, at a time preceding the date of exportation of the involved merchandise under consideration which would ordinarily permit the manufacture or production thereof in the usual course of business, plus the usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise, plus the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States, and plus an addition for profit (not less than 8 per centum of the costs of materials of, and of fabrication or manipulation and general expenses) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind, was 12.969 Finnish markkaa.

I conclude as matter of law:·

1. That the correct basis of value for the instant merchandise is cost of production as defined in section 402 (f) of the Tariff Act of 1930.

2. That the said cost of production of the involved merchandise is 12.969 Finnish markkaa per kilo.

Judgment will issue accordingly.