BEFORE THE FIRST DIVISION, JANUARY 7, 1952

**No. 56230.**—Ideal Container Company *v.* United States, petition 6846–R (New York).

COLE, Judge: The provisions of section 489 of the Tariff Act of 1930 (19 U. S. C. § 1489) are invoked herein to obtain the remission of additional duties that accrued by reason of the final appraised value exceeding the entered value of paperboard exported from Finland and entered at the port of New York.

When the case was called, counsel for petitioner outlined the circumstances, including reappraisement litigation, resulting in an advance in the appraised value over the importer's entered value. Counsel's review of the procedure may be summarized as follows: Original entry was made at the consular invoice price as representative of foreign value. Later, and after customs officials had completed an investigation, the importer was notified by the appraiser that the entered value was not acceptable and that the foreign value should include the Finnish turnover tax. Importer, on advice of counsel, then advised the appraiser of the desire to institute reappraisement proceedings, alleging that the paperboard sold for home consumption in the foreign market was not similar to that exported to the United States and therefore contending export value to be the proper basis for appraisement. Accordingly, the entry under consideration was selected by the appraiser as the basis for a test case, appraisement on other importations of the same merchandise being withheld (petitioner's exhibit 1). Amended entry was filed, setting forth "an export value base," which the appraiser advanced to an alleged foreign value that included the Finnish turnover tax.

Timely appeal for reappraisement came before the court and the trial judge held that there was no export or foreign value for such or similar merchandise and therefore ordered that the "appeal be restored to the docket for the purpose of affording the plaintiff an opportunity to prove United States value or cost of production of said merchandise, as the case may be," *Penson & Co.* v. *United States*, 26 Cust. Ct. 571, Reap. Dec. 7970. Pursuant thereto, the parties offered additional proof from which the court found cost of production to be the proper basis for appraisement, the amount thereof being higher than the importer's entered value, *Penson & Co.* v. *United States*, 27 Cust. Ct. 381, Reap. Dec. 8019.

Additional duties accrued from the court's reappraisement, and it is as a petition for the remission of such duties that gives rise to the present case.

Petitioner's testimony, offered by a partner of the importing company and by the customs examiner who advisorily appraised the merchandise in question, is in the nature of corroboration of counsel's opening statement, hereinabove set forth, and agreed to by respondent. Therefore, analysis of the undisputed testimony is deemed unnecessary.

The Government's attitude in this matter was disclosed by Government counsel in the following statement:

If the court please, the Government through its agents has investigated this case, and the testimony and statements we have heard this morning are substantially in harmony with our own findings. I therefore shall ask no questions on behalf of the Government.

The record before us, considered with the proceedings leading to final adjudication of the value of the paperboard in question, is satisfying that the entry of the merchandise at a less value than that found on final appraisement was without intention to defraud the revenue of the United States, or to conceal or misrepresent the facts, or to deceive the appraiser as to the value of the merchandise.

The petition is therefore granted and judgment will be rendered accordingly.